IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                    Civil Action No.
                                               HONORABLE

             Plaintiff,

v.


HERBRUCK POULTRY RANCH, INC.,

                                               **COMPLAINT
                                               AND JURY TRIAL
                                               DEMAND**

             Defendant.

_____/

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Melinda Crooke ("Crooke") who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-27 below, the Commission alleges that the Defendant, Herbruck Poultry Ranch,

Inc., violated the ADA by harassing Crooke because of her disability, retaliating against her because she complained of harassment, and constructively discharging her because of her disability and opposition to harassment.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States

of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Herbruck Poultry Ranch, Inc. (the "Employer") has continuously been a Michigan corporation doing business in the State of Michigan and City of Saranac and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **ADMINISTRATIVE PROCEDURES**

7.     More than thirty days prior to the institution of this lawsuit, Melinda Crooke filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8.     On February 2, 2018, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.   The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11.   On May 17, 2018, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.    Since at least October 14, 2014, Defendant Employer engaged in unlawful employment practices at its Saranac, Michigan, facility in violation of Sections 102(a) and 503(a) of the ADA, 42 U.S.C. §§ 12112(a) and 12203(a).

14.    Melinda Crooke is an individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). She has impairments, attention deficit disorder/attention deficit hyperactivity disorder ("ADD/ADHD") and Tourette's Syndrome, and Defendant Employer harassed her because of those impairments, retaliated against her for complaining about the harassment, and constructively discharged her because of her impairments and her opposition to workplace harassment.

15.    Crooke's ADD/ADHD causes her to be overly talkative at times, confused on occasion, and substantially limits her major life activities of concentration, thinking, and speaking. These conditions are worsened by stress.

5

16.   Crooke's Tourette's Syndrome manifests in head twitches, facial tics, uncontrolled arm movements, humming, biting her tongue, and occasional swearing, all of which substantially limit the major life activities of speaking and communicating, and these conditions are worsened by stress.

17.   Defendant's personnel were aware of Crooke's ADD/ADHD and Tourette's.

18.   Crooke was hired as a line worker by Defendant on October 14, 2014.

19.   Her supervisor and some of her co-workers began to mock her for her ADD/ADHD and Tourette's symptoms after her supervisor became aware of them.

20.   On a weekly basis she was called "Mindy Tourette's," "Gabby," "Motormouth" and "Wandering Wanda" by these same individuals.

21.   In addition, the same individuals on a weekly basis mocked her Tourette's symptoms by biting their tongues and making exaggerated head movements.

22.   Crooke complained about the mocking nicknames and cruel imitations of her symptoms to no avail, to both her supervisor and a human resources representative for Defendant.

23.   After Crooke's complaint to the human resources representative, the supervisor intensified her mockery of Crooke, sped up the conveyor line, began to follow Crooke during bathroom breaks, began to time those breaks, and berated her for wasting time.

24.   The mockery from co-workers continued unabated.

25.   On August 10, 2015, the supervisor followed Crooke into the bathroom and was waiting when she exited the stall. The supervisor began to shout that Crooke needed to sign a disciplinary slip and started jabbing a finger in Crooke's face.

26.   Crooke fled and reported the incident to the human resources representative, who said that Crooke could not be transferred to another position nor could anything be done to address her concerns unless she returned to her shift.

27.   She briefly returned to her shift, but unable to tolerate working in those conditions any longer, Crooke felt compelled to end her employment that day.

28.   The effect of the practices complained of in paragraphs 13-27 above has been to deprive Crooke of equal employment opportunities and otherwise affect her status as an employee because Defendant discriminated against her because of her disabilities and retaliated against her for complaining about disability-related harassment.

29.   The unlawful employment practices complained of in paragraphs 13-27 above were intentional.

30.   The unlawful employment practices complained of in paragraphs 13-27 above were done with malice or with reckless indifference to the federally protected rights of Crooke.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.   GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and

all persons in active concert or participation with it, from harassing employees on the basis of disability.

B.    GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose discrimination on the basis of disability.

C.    ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

D.    ORDER Defendant Employer to make whole Crooke by providing appropriate back pay with prejudgment interest and benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the reinstatement of Crooke or front pay in lieu of reinstatement.

E.    ORDER Defendant Employer to make whole Crooke by providing compensation for past and future pecuniary losses

resulting from the unlawful employment practices described in paragraphs 13-27 above, in amounts to be determined at trial.

F.     ORDER Defendant Employer to make whole Crooke by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13-27 above, including but not limited to, inconvenience, loss of enjoyment of life, anxiety, humiliation, emotional pain and suffering, in amounts to be determined at trial.

G.     ORDER Defendant Employer to pay Crooke punitive damages for its malicious and reckless conduct, as described in paragraphs 13-27 above, in amounts to be determined at trial.

H.     GRANT such further relief as the Court deems necessary and proper in the public interest.

I.     AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: March 1, 2019                    Respectfully submitted,

10

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


/s/ Omar Weaver
Supervisory Trial Attorney
Detroit Field Office

/s/ Dale Price (P55578)
Senior Trial Attorney
Detroit Field Office
477 Michigan Ave., Room 865
Detroit, MI 48226
(313) 226-7808
Dale.Price@eeoc.gov