# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,       Case No. 1:19-cv-00165-JTN-ESC

    Plaintiff,

v       The Honorable Judge Janet T. Neff

HERBRUCK POULTRY RANCH, INC.,

    Defendant.

___

MELINDA L. CROOKE,

    Intervenor Plaintiff,

v       The Honorable Judge Janet T. Neff

HERBRUCK POULTRY RANCH, INC.,

    Defendant.

## INTERVENOR MELINDA L. CROOKE'S
## BRIEF IN SUPPORT OF HER MOTION TO INTERVENE

NOW COMES Intervenor, Melinda L. Crooke (hereinafter referred to as "Ms. Crooke"), by and through her attorneys, Wheeler Upham, P.C., and for her Brief in Support of her Motion to Intervene ("Brief") in the above-captioned matter, states the following:

### I.     SYNOPSIS

On March 1, 2019, the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") filed the instant suit against Herbruck Poultry Ranch, Inc. (hereinafter referred to as "Defendant") as a result of Ms. Crooke's filing (EEOC Initial Intake Questionnaire filed on

or about May 6, 2016; and EEOC Charge of Discrimination filed on or about May 23, 2016), and her cooperating with and assisting the EEOC during its investigation of Defendant's unlawful employment practices.

Ms. Crooke seeks to be added as a litigant in the above-captioned matter and claims an interest, which shares with the main action a common question of law and fact.

Specifically, Ms. Crooke seeks through her rights under each of the Americans with Disabilities Act of 1990, as amended (42 U.S.C 2000e-5(f)(1)), and Title I of the Civil Rights Act of 11991, as amended, to join in the instant action to pursue her rights and remedies under the ADA.

## II.    LEGAL BASIS FOR INTERVENTION

Ms. Crooke's request to be added to the above-captioned matter is timely, Defendant having yet to answer the EEOC's Complaint.

Ms. Crooke as the original charging party, *to-wit* EEOC Initial Intake Questionnaire filed on or about May 6, 2016 and EEOC Charge of Discrimination filed on or about May 23, 2016 claims an interest relating to the subject of the instant action.[1] Ms. Crooke is so situated that the disposition of the instant action may as a practical matter impair or impede her ability to protect her individual interest.[2] Lastly, while Ms. Crooke has every intention of continuing to work with the EEOC, Ms. Crooke's individual interest is not adequately represented by the EEOC because the EEOC represents the public's interest.[3]

---

[1] See requirements of intervention as of right as generally discussed in U.S. Court of Appeals, 6th Circuit, decision in *Americans United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303 (6th Cir 1990), on remand 784 F.Supp. 412.
[2] *Ibid*.
[3] *Ibid*.

Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991, as amended, confer on Ms. Crooke, the original charging party, an unconditional and absolute right to intervene in an EEOC action based on her complaint.[4]

Rule 24(a)(1) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") provides that on timely motion, the Court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute.

Ms. Crooke has an unconditional right to intervene by a federal statute, namely 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981(a).

In the alternative, Fed.R.Civ.P. 24(b)(1) provides that on timely motion the Court may permit anyone to intervene who has a claim or defense that shares with the main action in common question of fact or law.

In the event that Ms. Crooke is deemed not to have a right to intervene pursuant to Fed.R.Civ.P. 24(a)(1), she requests that this Court permit her to intervene pursuant to Fed.R.Civ.P. 24(b)(1).

Intervention by Ms. Crooke, in accordance with Fed.R.Civ.P. 24(a)(1) or Fed.R.Civ.P. 24(b)(1), will not unduly delay or prejudice the original parties as Defendant has yet to answer the EEOC's Complaint.

---

[4] See *EEOC. v GMRI, Inc.,* 221 F.R.D. 562 (D.Kan. 2004) ; See also *United States  EEOC. v Taylor Elec. Co.,* 155 F.R.D. 180 (N.D.Ill. 1994).

### III.  CONCLUSION

WHEREFORE, for all of the above-stated reasons together with the reasons stated in the Motion accompanying the instant Brief, Ms. Crooke requests that this Court allow her to intervene and be named as a party-plaintiff in the above-captioned matter.

Respectfully Submitted,

Dated:  March 27, 2019

WHEELER UPHAM, P.C.

By:  _____
Glenn L. Smith (P43156)
Catherine Sullivan (P40699)
Attorneys for Melinda L. Crooke
Business Address:
250 Monroe Avenue NW, Suite 100
Grand Rapids, MI  49503
(616) 459-7100
smith@wuattorneys.com
sullivan@wuattorneys.com