UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 1:19-cv-00165 |
| and | Honorable Janet T. Neff |
| MELINDA L. CROOKE, | |
| Intervenor Plaintiff, | |
| v. | |
| HERBRUCK POULTRY RANCH, INC., | |
| Defendant. | |

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for May 29, 2019 at 10:00 a.m. before Honorable Janet T. Neff. Appearing as counsel for Plaintiff will be Dale Price, Esq. EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226. Appearing as counsel for Intervenor-Plaintiff will be Glenn L. Smith, Wheeler Upham PC, 250 Monroe Ave. NW, Ste. 100, Grand Rapids, Michigan 49503. Appearing as counsel for

Defendant will be Catherine A. Brainerd, Rhoades McKee PC, 55 Campau Avenue NW, Suite 300, Grand Rapids, Michigan 49503.

1. **Jurisdiction.** Jurisdiction is based on 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981(a) governs this action.

2. **Jury or Non-Jury.** Plaintiff and Intervenor Plaintiff have requested a jury trial on all questions of fact raised by the complaints.

3. **Judicial Availability.** The parties do not agree to have a United States Magistrate Judge to conduct any proceedings in this case, including trial, and the parties do not agree to have a United States Magistrate Judge order the entry of final judgment.

4. **Statement of the Case.**

    (a) **Plaintiff's Statement:**

This action involves charging party/intervenor plaintiff Melinda Crooke, who worked at Defendant's Saranac, Michigan facility as a line worker. Crooke has Tourette's Syndrome, attention deficit

disorder/attention deficit hyperactivity disorder ("ADD/ADHD"), and other impairments. As a result of these conditions, Crooke experienced obvious symptoms such as head twitches, facial tics, confusion and talkativeness.

Defendant's employees—including Crooke's supervisor—began to mock Crooke because of her symptoms. Crooke complained to Defendant's human resources personnel; however, Defendant mocked and teased her even more, resulting in Crooke's constructive discharge.

(b) **Intervenor-Plaintiff's Statement:**

In addition to what is set forth in Plaintiff's statement, Ms. Crooke states her medical conditions render her disabled in the major life functions of speaking, thinking, learning, and socializing. Ms. Crooke suffered a hostile work environment from her supervisor, team leader, and co-workers based on disabilities and perceived disabilities that included mocking and name calling. When she protested the discriminatory treatment, she was retaliated against by being further harassed and ostracized. As a result of the hostile work environment due to her disabilities/perceived disabilities and protected EEO activity and Human Resources and upper management's failure to stop the

harassment and unlawful activity, she was constructively discharged. She is seeking compensation for her pecuniary losses, compensation for her pain and suffering, punitive damages, equitable relief including restoration, and the award of attorney's fees and costs.

    (c)    **Defendant's Statement:**

Ms. Crooke was not subject to any harassment or retaliation based on any alleged disability. Herbruck's was not aware of any claim of disability by Ms. Crooke that substantially interfered with her ability to perform the essential functions of her job. She never requested any work accommodations, never submitted any medical documentation to Herbruck's at any time regarding or relating to a disability, never alleged or complained of any harassment.

Ms. Crooke did have some performance issues, including inability to remain at her station, interference with coworkers, and attendance issues. When confronted with video evidence of leaving her station and attempting to engage other workers to play with a tape ball, Ms. Crooke continued to deny the incident occurred. Upon receiving her written warning, she responded, "I have ADD and it gets hard to stay on task at times." In order to help her succeed, Ms. Crooke's manager instituted

bi-weekly meetings. As a result, Ms. Crooke's performance substantially improved.

Ms. Crooke elected to leave her employment with Herbruck's to go back to a prior employer, Walmart. After she had given notice, but prior to her last date of work, she was written up for walking off the job during her shift after explicitly told she was not authorized to leave. Ms. Crook then voluntarily resigned her employment. Ms. Crooke was not subjected to harassment or discrimination, was not retaliated against, nor constructively discharged.

5. **Prospects of Settlement:** The parties have not engaged in settlement discussions after the failed the conciliation process. At that time, the parties were too far apart in their positions to settle.

6. **Pendent State Claims:** There are no pendent claims.

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **June 24, 2019**.

8. **Disclosures and Exchanges:**

(a)   Fed.R.Civ.P. 26(a)(1) requires initial disclosures, including identification of lay witnesses, unless the Court others

5

otherwise. Rule 26(a)(1) disclosures will be required early in this case; therefore, the parties will exchange initial disclosures by **June 24, 2019**.

(b)     Plaintiff expects to be able to furnish the names of expert witnesses by **September 3, 2019**. Intervenor-Plaintiff expects to be able to furnish the names of expert witnesses by **September 10, 2019**. Defendant expects to be able to furnish the names of expert witnesses by **October 1, 2019**.

(c)     It would be advisable in this case to exchange written expert witness reports as contemplated by Federal Rule of Civil Procedure 26(a)(2). Written expert reports will be exchanged before the close of discovery, according to the following schedule:

Plaintiff's expert report: **November 5, 2019**

Intervenor Plaintiff's expert report: **November 5, 2019**

Defendant's expert report: **December 5, 2015**

(d)     The parties have agreed to make available the following documents without the need of a formal request for production:

<u>From Plaintiff to Defendant</u>:   Plaintiff's Administrative File (non-privileged documents).

<u>From Intervening Plaintiff to Defendant</u>:

- Mutually agreeable medical/pharmacy releases requested by the Defendant.
- An executed release to obtain tax records.
- Those special education documents that she has located.
- Copies of those tax records she has located.
- Copies of medical/pharmacy records her counsel obtains them as a result of requests for records that have been sent out to various providers.

<u>From Defendant to Plaintiff/Intervening Plaintiff</u>:

To the extent not contained in the Commission's administrative file, Defendant agrees to provide Ms. Crooke's personnel file, applicable policies/employee handbooks, and documents supporting its affirmative defenses.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by **January 31, 2020**.

Each party may issue the limit of 25 interrogatories. Depositions shall be limited to 10 per party. Individual depositions will be limited to no more than 7 hours each in duration. If any party desires to impose additional limits or desires relief from these limits, the party will contact the Court with an appropriate request to modify the order.

For the Plaintiff, topics for discovery include Melinda Crooke's disabilities, Melinda Crooke's complaints about the harassment she

experienced, the actions Defendant took with respect to Crooke's complaints, other complaints Defendant received about Crooke's supervisor and other harassment complaints, backpay, and damages issues.

For the Intervening Plaintiff, topics include facts supporting Appellant's claims, Herbruck's responses to the EEOC's investigation, Herbruck employees' observations of and/or participation in harassment, Herbruck's responses/actions to Ms. Crooke and Ms. Treasa Perkin's notification of harassment of Ms. Crooke, Herbruck's records (emails, text messages, notes, witness statements, reports, etc.) pertaining to the issues in the case, records and information on other complaints discrimination by those individuals harassing Complainant and management's responses, records maintained on Ms. Crooke by Herbruck's, record retention, workplace video, wage rate and pay raise records for similar employees during the intervening years, Herbruck's anti-discrimination policies, management training, and implementation; and the bases and supporting evidence for Herbruck's affirmative defenses.

For the Defendant, discovery topics are expected to include facts supporting Plaintiff's / Crooke's allegations and Herbruck's affirmative defenses, including, but not limited to, Ms. Crooke's alleged disability(ies), her alleged complaints to Herbruck's, and her alleged damages.

10. **<u>Disclosure or Discovery of Electronically Stored Information:</u>**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: Counsel for the parties are in the process of ascertaining to what extent, if any, the parties have electronically stored information (ESI) that will be subject to disclosure or discovery.  In the event such information is identified by either party, the parties agree to meet and confer and mutually agree in writing to the terms and conditions of any ESI disclosure.

11. **<u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u>**  Any documents subject to the attorney/client privilege, governmental privileges, and/or work-product doctrine, which are disclosed to the opposing party shall be immediately

returned to the disclosing party, with or without a request from the disclosing party. Any such disclosure shall not constitute a waiver.

If either party attempts to use a document that the other party believes to be privileged, the party claiming privilege or work product immunity shall notify the opposing party that it is invoking the privilege and/or work product immunity doctrine and the documents shall be immediately returned to the disclosing party.

12. **Motions:** The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by said Rule 7.1(d).

The Commission may file a motion for summary judgment as to the charging party's allegations. Ms. Crooke would likely join the Commission's motion and/or may file her own motion.

The parties anticipate that all pre-motion conference requests will be filed by **February 28, 2020**.

13. **Alternative Dispute Resolution:** In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to participate in some form of Alternative

Dispute Resolution. *See* Judge Neff's Information and Guidelines for Civil Practice, located on the Court's website, www.mi.wd.uscourts.gov. After the depositions of the principal witnesses, the parties are willing to engage in voluntary facilitative mediation between **January 31, 2020** and the pre-motion conference date.

14. **Length of Trial:** Counsel estimate that the trial will take 8 days.

15. **Electronic Document Filing System:** Counsel understands that W.D. Mich. L. Civ. R. 5.7(a) requires that attorneys file and serve all documents electronically by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The parties acknowledge that the Court expects all counsel to abide by the requirements of this rule.

16. **Other:** At this time the parties do not believe that this case has any special characteristics that warrant extended discovery, accelerated disposition, etc.

EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION

Attorney for Plaintiff

*/s/ Dale Price*
Dale Price, Esq. (P55578)
477 Michigan Avenue
Detroit, MI 48226


Wheeler Upham, P.C.

*/s/ Glenn L. Smith* (by DP w/perm.)
Glenn L. Smith (P43156)
Catherine M. Sullivan (P40699)
Attorneys for Intervenor Plaintiff
250 Monroe Ave, Suite 100
Grand Rapids, MI 49503
(616) 459-7100
smith@wuattorney.com
sullivan@wuattorneys.com

RHOADES McKEE, P.C.
Attorneys for Defendant

*/s/ Catherine A. Brainerd* (by DP w/perm.)
Catherine A. Brainerd (P70202)
55 Campau Ave. NW, Ste. 300
Grand Rapids, MI 49503
(616)233-5199
cabrainerd@rhoadesmckee.com

Dated:      May 22, 2019

13